### NEW-IPSWICH W. L. FACTORY *vs.* S. BATCHELDER *et a.*

Where a grantor conveyed by deed a tract of land described by metes and bounds, with a mill upon the same, and at the time of the conveyance there was a raceway to conduct the water from the mill, running along the side of the natural stream, beyond the bounds of the land granted, into other land of the grantor, and there discharging the water into the natural stream, and which raceway had been used with the mill several years, and was necessary to the convenient use of the mill : it was held, that a right to have the water flow off uninterrupted, through the whole extent of the raceway, passed as appurtenant to the mill.

THIS was an action of trespass upon the case for erecting a dam across the Souhegan river, in New-Ipswich, and causing the water to flow back and obstruct the water wheel of the plaintiffs.

The cause was tried here, upon the general issue, at October term, 1824, when it appeared in evidence, that the plaintiffs were seized of a close in New-Ipswich, through which close the river Souhegan runs, upon which river, within the bounds of the same close, the plaintiffs had erected a factory. It also appeared, that the defendants were seized of another close lying below and adjoining the close of the plaintiffs, through which close of the defendants the said river also ran. The water passes from the water wheel in the plaintiffs' factory, not in the natural channel of the river, but in an artificial canal, or raceway, on the bank

of the river, which extends into the close of the defendants, <span>N. Ips. Fac. *vs.* Batchelder.</span> and there discharges the water into the natural channel. The place, where the factory of the plaintiffs stands, has been occupied as a mill-seat ever since the year 1788, and the said raceway has been always used since that time for conducting the water, from the mills and factories there, into the river, and is necessary for the convenient working of the same mills and factories.

It also appeared, that in the year 1804, one *Charles Barrett*, being seized of both the said closes, conveyed one undivided moiety of the close, of which the plaintiffs are now seized, to one *Charles Robbins*, " with one half of all the wa-" ter privileges, and all other privileges annexed or belong-" ing to said premises." The plaintiffs derive from *Robbins* their title to the moiety conveyed to him, as aforesaid.

The defendants derived their title to the close, of which they are seized, from the heirs of the said *Charles Barrett*, who took the same by descent on his death. It appeared, that the defendants had raised a dam within their said close, which caused the water to flow back in the said raceway, and obstruct the water wheel of the plaintiffs.

The court instructed the jury, that the said deed, from *Barrett* to *Robbins*, passed to the grantee the right to have the water flow off uninterrupted, through the whole extent of the said raceway ; although the raceway extended beyond the bounds of the land granted ; and the jury having returned a verdict in favor of the plaintiffs, the defendants moved the court to grant a new trial, on the ground, that the jury had been misdirected in respect to the legal operation of the said deed.

*Dana* and *Walker*, for the plaintiffs.

*G. F. Farley* and *Fletcher*, for the defendants.

RICHARDSON, C. J., delivered the opinion of the court.

It is said by the defendants, that the deed of *Charles Barrett* passed no right in the raceway, beyond the limits of the land granted. What effect this proposition, if it could be maintained, ought to have upon the verdict, we have not

N. Ips. Fac.
vs.
Batchelder.

stopped to inquire ; because we are of opinion, that the proposition itself cannot be supported.

It is well known, that in the conveyance of real estate some things have always been held to pass as incidents to other things. These incidents have been divided into several species. Thus some have been termed *regardant*, some *appendant*, and some *appurtenant*. *Coke Litt.* 307 *a.*— *Com. Dig.* " *Grant,*" *E.* 11.— 5 *B. & P.* 109 The term " regardant" denoted the relation between a villeine and the manor, to which he belonged. *Litt. sec.* 184.—*Coke Litt.* 120, *a & b.*

An appendant is that, which beyond memory has belonged to another thing more worthy. One thing is said to be appendant, when it has been immemorially connected with another. *Com. Dig.* " *Appendant*" *A.*—7 *Mass. Rep.* 8 — 11 *John.* 498.—*Coke Litt.* 121, *b. and* 122, *a.*—17 *Mass. Rep.* 447–8.

An appurtenant is that, which belongs to another thing, but which has not belonged to it immemorially. 1 *Ventris* 407.—*Coke Litt.* 121, *b. and* 122, *a.*—*Moore* 682.

But it is unnecessary, in this case, to examine minutely the distinctions between the several species of incidents ; because the only question is, whether a right to have the water pass uninterrupted, through the whole extent of the raceway, was not granted in *Barrett's* deed, as an incident to the mill granted ? At the time, when *Barrett* made the grant, the raceway had been constantly used for sixteen years to conduct the water from the mill, standing where the factory of the plaintiffs now stands, and was necessary for the convenient use of the mill. *Barrett,* at the same time, owned all the land, through which the raceway extended. And as both these parties claim under *Charles Barrett,* it seems to us, that as between them this raceway is to be considered as the natural channel of the river. It must be presumed to have been made lawfully by those, who had a right to make it, and to have been made as an appendant to the mill, and as it had been used as such for sixteen years, it cannot admit a question, that the right to have the water flow off in it uninterrupted passed with the mill, as an inci-

dent. In the case of *Nicholas vs. Chamberlaine*, (*Cro. James* 121,) *Croke* says, " it was held by all the court, upon de- " murrer, that if one erect a house, and builds a conduit " thereto in another part of his land, and conveys water by " pipes to the house ; and afterwards sells the house with " the appurtenances, excepting the land, or sells the land to " another, reserving to himself the house, the conduit and " the pipes pass with the house ; *because they are necessary* " *and quasi appendant thereto.* And he shall have liberty by " law to dig in the land for amending the pipes, or making " them new, as the case may require. So it is, if lessee " for years of an house and land erect a conduit upon the " land, and, after the term determines, the lesser occupies " them together for a time, and afterwards sells the house " with the appurtenances to one, and the land to another, " the vendee shall have the conduit and pipes, and liberty " to amend them."

N. Ips. Fac.<br>*vs.*<br>Batchelder.

The rule here laid down seems to us to be founded in sound reason and good sense, and to apply, in all its force, to the case now before us. A raceway may be as necessary an appurtenance to a mill to conduct the water from it, as a canal to conduct to it the water necessary to work it. In many cases a severance of the appurtenance from the thing, to which it is appurtenant, would render both useless. For aught we know, that may be the case in this instance. But however that may be, the case finds, that the raceway was necessary for the convenient working of the mills. *Shepherd*, in his *Touchstone*, 89, says, " by the grant of mills the waters, " flood-gates, and the like, that are of necessary use to the " mills, do pass ;" and we entertain no doubt, that the raceway, in this case, passed by *Barrett's* deed, as an appurtenant to the mill.

*Judgment on the verdict.*